PRASCH, Appellant, vs. PRASCH, Respondent.

*December 3, 1929—January 7, 1930.*

Cornelius P. Hanley of Milwaukee, for the appellant.

For the respondent there was a brief by Shaw, Muskat & Sullivan of Milwaukee, and oral argument by Wm. T. Sullivan.

FRITZ, J.    There is no serious or irreconcilable conflict in the evidence.    At the time of the accident plaintiff was the fiancée of defendant, and knew that he was an experienced driver and usually drove at from twenty-five to thirty miles per hour on city streets, under ordinary conditions. Plaintiff was injured by the tipping over of the automobile which defendant was driving on a city street and in which plaintiff and another couple were riding as defendant's

guests. For several miles defendant had been driving at about twenty miles per hour. About a block before the accident the pavement began to be icy and slippery. During that block another automobile overtook and passed defendant while he was traveling at twenty to twenty-five miles per hour. Then the defendant, to again get ahead of that other car, increased his speed. Thereupon the plaintiff, according to her testimony, said, "Will you please go slow. The pavements are slippery." The two other passengers also testified that they heard plaintiff make such a request, but the defendant testified that he could not recall any such statement, and could not say that some of the passengers may have said something and that he did not hear it. At all events he did not answer, but increased his speed, and in attempting to overtake the other automobile his rear wheels started to skid toward the left, and before he succeeded in reducing his speed and controlling his automobile it slid sidewise on its four wheels across the street, until his left rear wheel struck the left-side curb, and his automobile caught the right side of the front bumper of an approaching taxicab, whereupon it rolled over on its side.

The jury's special verdict found: (1) That the defendant failed to exercise ordinary care in respect to the speed of the automobile while approaching the point of collision; (2) that such failure was a proximate cause of the collision; (3) that the defendant was not driving at his usual and customary speed for city driving under like or similar street conditions as he approached the point of collision; (4) that the plaintiff did not fail to protest, prior to the collision, as to the rate of speed at which defendant was driving; (5) that plaintiff sustained damages in the sum of $3,500.

All of those findings, with the exception of the assessment of damages, were well warranted by the evidence, and it was not within the province of the judge to disregard those

findings and order judgment notwithstanding the verdict. *Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 228 N. W. 741. Even the defendant's testimony is not in direct conflict with the ultimate facts thus found by the jury. The only variance was on the subject of whether the plaintiff had protested as to defendant's increased rate of speed just prior to the collision. He could not recall that she had protested, but he did not deny her testimony and that of the other passengers that she had requested him to go slower. In relation to that issue the jury was expressly instructed that if they found that a protest was made, but "under such circumstances as could not reasonably be expected to reach the attention of the defendant while he was in the exercise of ordinary care," then they were to answer that the plaintiff did fail to make such protest. That instruction was favorable to the defendant, and in view of the evidence and that instruction there was no occasion for disregarding the jury's finding on even that issue. Upon the verdict returned by the jury the plaintiff was, as a matter of law, entitled to recover from the defendant the damages sustained by her. *Hamus v. Weber,* 199 Wis. 320, 226 N. W. 392.

On the other hand, the assessment of damages is excessive. In the collision plaintiff's knee was forced through a window, and she sustained a cut or laceration about one and one-half inches long above the patella, which severed the muscle attachments and which required three stitches, and will leave a scar. The wound bled profusely and there was pronounced swelling. Thereafter, synovitis developed. Plaintiff was unable to walk during the first month, and lost $85 in wages. For another month the knee was bandaged and stiff. At the time of the trial, seventeen months after the injury, it still would become discolored, swollen, and painful upon exercising and in damp weather, but there

will be no permanent disability. The physician who administered first aid gave her ten treatments during the first month, and she had an X-ray examination. Thereafter she had no medical attention with the exception of three or four treatments during the twelfth month after the injury. Her total medical disbursements were $57. Under the circumstances the award of $3,500 cannot stand, and there will have to be a new trial unless the plaintiff will consent to reduce the award to $650, which we consider the lowest amount at which a fair-minded jury, properly instructed, would probably assess her damages. If within twenty days after notice of the *remittitur* of the record to the circuit court she will consent to reduce the jury's assessment to that amount, she may take judgment accordingly on the verdict heretofore rendered (*Campbell v. Sutliff*, 193 Wis. 370, 375, 214 N. W. 374) ; otherwise the defendant will be entitled to have the court grant his motion for a new trial because the jury's award of damages was excessive.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.