Risch, Respondent, vs. Lawhead and another, Appellants.

*March 8—April 11, 1933.*

For the appellants there was a brief by *Hannan, Johnson & Goldschmidt,* attorneys, and *Martin R. Paulsen* of counsel, all of Milwaukee, and oral argument by *Mr. Paulsen.*

For the respondent there was a brief by *Seth W. Pollard,* attorney, and *Arthur Wickham* of counsel, both of Milwaukee, and oral argument by *Mr. Wickham.*

NELSON, J.   The principal contentions of the defendants are that the court erred in holding that there was sufficient

evidence to support the verdict as to defendants' negligence, in failing to hold that the plaintiff was guilty of contributory negligence as a matter of law, in holding that any negligence of defendant Lawhead had causal relationship to plaintiff's injuries, and in increasing the jury's award of damages from $3,000 to $4,000.

(1) We think defendants' first contention is without merit. While the defendant Lawhead testified that he thought he was traveling at about eighteen miles per hour at the time of the collision this was obviously a mere estimate. While the permitted rate of speed at that point was twenty miles per hour, the jury may well have concluded that even eighteen miles per hour was far too fast under the circumstances, among which was the fact that Lawhead was somewhat blinded by the lights of approaching cars. As to lookout the jury may well have concluded under all of the circumstances that he was negligent in not seeing the plaintiff at all when she was concededly in a place where she ought to have been seen. As to the control and management of his car the jury may well have concluded that he was driving too near to the center of the street rather than in the lane to the east of the street-car tracks. We conclude that the jury was warranted in inferring that defendant Lawhead was negligent.

Attorneys for defendants make a very earnest and rather plausible argument in support of their contention that the plaintiff was guilty of contributory negligence as a matter of law. It is asserted that if the plaintiff had been standing still in the center of the street-car tracks, as testified to by her, no collision could have resulted. This argument is based upon the premise that plaintiff collided with the left side of the truck near the door handle where her handbag was found hanging after the collision. In addition to the incident of the handbag there was evidence that something brushed the side of the truck and that the brush mark com-

menced near the door handle and widened out in a downward direction toward the rear fender which was concededly dented by the plaintiff striking it. While these facts tend to support defendants' contention that the plaintiff walked into the side of the truck, we do not think they are so conclusive as to prevent other inferences. It must be remembered that Lawhead did not see the plaintiff at all prior to the collision and that the plaintiff testified positively that she stood still in between the street-car tracks waiting for the truck to pass. The jury was warranted in believing that the collision took place near the middle of the avenue. After the collision plaintiff's body was picked up there. It would not be against the physical facts to infer that the left front fender came in contact with her sufficiently to make her lose her balance. We conclude, under all of the circumstances, that the jury had a right to believe that the plaintiff was standing still in the middle of the street when she was struck and that none of the physical facts render her testimony so improbable or unbelievable as to require that it be ignored.

In view of our conclusion that the plaintiff's contributory negligence was properly a question for the jury, we deem it unnecessary to devote any time to defendants' further contention that Lawhead's negligence had no causal relationship to plaintiff's injuries.

It is contended that the court erred in increasing the damages from $3,000 as found by the jury to $4,000—the smallest sum which an unprejudiced jury would award. This contention involves the consideration of two questions: (1) whether the trial court had authority to increase the damages found by the jury, and (2) whether the sum of $4,000 represents the least amount that an unprejudiced jury properly instructed would probably find.

The jury found the plaintiff's damages to be $3,000. After the verdict was rendered the plaintiff moved to increase the award of the jury to the least amount which a fair

and unprejudiced jury would award and for judgment on the verdict as so amended. After hearing plaintiff's motion the court amended the verdict as stated and ordered judgment as so amended. After hearing plaintiff's motion the court amended the verdict as stated and ordered judgment for the sum of $4,000. Whether a trial court may increase unliquidated damages found by a jury which are deemed wholly inadequate, to an amount which represents the least sum that a fair and unprejudiced jury would probably award, presents a question which has not heretofore been squarely passed upon by this court. It is the established law of this state that where the damages found by a jury are excessive, the trial court may grant a new trial unless the plaintiff exercises the option given him by the court to remit the excess and consents to take judgment for the least amount that an unprejudiced jury would, under the evidence, probably find, or unless the defendant exercises the option given him by the court to permit judgment to go against him for the highest amount that an unprejudiced jury properly instructed would probably find. See *Campbell v. Sutliff*, 193 Wis. 370, 214 N. W. 374, in which the decisions of this court were carefully reviewed. Such practice tends "to promote justice and lessen the expense to litigants and the public" (*Campbell v. Sutliff, supra*) ; "is in the interest of justice and public economy" (*Baxter v. Chicago & N. W. R. Co.* 104 Wis. 307, 80 N. W. 644), and "is a great boon to the parties directly interested and to the public as well, upon whom in a great measure the burden of judicial administration rests." *Heimlich v. Tabor,* 123 Wis. 565, 102 N. W. 10.

The question, however, before us involves inadequate damages, not excessive damages, and we are called upon to determine whether rules may be formulated and a procedure established which may be properly followed by trial courts in dealing with inadequate damages. If just rules applicable to such situations may be established, as they have been with

respect to excessive damages, we see much of good that may come from such procedure. If such rules may be established without violating the right of the citizen to a trial by jury guaranteed him by the constitution of the United States and of this state, then we think such rules should be established. The beneficent results which have accrued from the established law as to excessive verdicts should also result from analogous rules and procedure applicable to verdicts finding inadequate damages. In *Campbell v. Sutliff, supra,* the jury answered a question which required it to fix the amount of damages for pain and suffering, "none." The trial court, believing that the jury had misunderstood its duty, struck out the answer "none" and inserted in lieu thereof $50, the least sum which an unprejudiced jury would probably find. In that case the court gave no options to the parties permitting them to consent to such damages in lieu of a new trial. Such procedure was deemed erroneous and violative of the right to have a jury pass upon the question of damages. In that case it was held, however, that the plaintiff was the only one prejudiced thereby, and since no objection to such award was made by him and no appeal taken therefrom the error was not prejudicial. It was there held that the constitutionality of such rules of procedure depends upon whether options to consent to the award of damages are given. In *Campbell v. Sutliff, supra,* it was said:

"The court is satisfied after a careful study of the cases and of the constitutional provision in the light of the history of its origin and establishment that neither the trial court nor the appellate court has the power to do more than to give the parties the option to waive their constitutional right to a trial by jury, and that, if such consent is not given, the sole power possessed by the court is to order a new trial in all cases where the damages assessed by the jury are either excessive or inadequate in which the proper amount of the verdict has to be determined upon some basis which fairly takes the judgment of the jury for the guide instead of the

independent judgment of the court. This rule has no application to cases where the amount added to or subtracted from the verdict is clearly and definitely established by the proof."

There is a complete dearth of authority bearing upon the question with which we are now dealing, but we do not hesitate to move forward along unbeaten paths if by so doing a larger justice may result.

Where, in a case involving unliquidated damages, the amount found by the jury is deemed by the court wholly inadequate, it seems clear that the trial court may grant a new trial unless the plaintiff consents to take judgment for such increased amount found by the court to represent the least amount that an unprejudiced jury would probably find. Since the court finds the "least amount," plaintiff must be given an option to consent to the amount of damages found by the court. In such a situation the defendant may not complain because the court has only increased the damages to the least amount which it will permit to stand in lieu of granting a new trial.

The power thus to increase the amount of unliquidated damages should be carefully and cautiously exercised. Courts should so act only when it appears that the damages found by the jury are clearly inadequate. When such does appear we think justice will be promoted by such procedure.

While the order herein was not in just the form it should have been, in that it did not order a new trial unless the plaintiff consented to take judgment for such least amount, we think that such error was fully waived by the plaintiff in entering judgment on the verdict as amended. In any event she does not complain and has taken no appeal therefrom. No prejudicial error as to her is perceived. *Campbell v. Sutliff, supra.*

Does the sum of $4,000 represent the least amount that an unprejudiced jury would probably find? At the time the plaintiff was injured she was sixty-seven years of age. It

appears that at that time she was enjoying good health for one of her years; that she was able to do all of her housework, which involved the furnishing of board and room to three of her children who each paid her the sum of $10 per week for such board and room; that she was severely injured, was rendered unconscious, in which state she remained until the following Monday; that she remained in the hospital for seven weeks; that she sustained cuts and bruises, a fractured scapula, and injury, if not fractures, of several of her ribs; that her right hand was injured and her right thumb was so badly lacerated as to require thirteen stitches to sew up; that her left ankle was broken and still required bandaging at the time of the trial; that her condition was such, up to the time of the trial, as to require some considerable attention from a daughter who had given up her own work in order that she might care for the plaintiff. It further appears that she had either expended or owed for her hospitalization the sum of $311.70; for nurses at the hospital $396; for practical nurses at her home $126; for medical services $350; for dental services $20, and for chiropractic treatments $88; that she would probably have to expend the sum of $100 for a lower plate made necessary by injury and consequent loss of certain of her lower teeth; that the clothes which she wore at the time of the accident were ruined, and that her glasses, which cost $18 to replace, were broken. It further appears that as a result of her injuries she was unable after the accident to furnish board and room to her children and consequently lost the profits on the $30 per week theretofore paid to her by them; that the services of her daughter who had given up her own work and had rendered care to the plaintiff for ninety-nine weeks up to the time of the trial were worth at least $10 per week. In addition to this there was the reasonable cost of the daughter's board and room. Of these amounts $1,077.20 was paid out by the plaintiff more than two years before the

trial. The items mentioned run into large figures, nearly equaling the amount found by the jury, without including any amount for past or future pain and suffering or for permanent disability. The plaintiff also sustained an injury to her back which was more serious than it probably otherwise would have been, due to an arthritic condition which existed prior to the accident but which did not appreciably disable her or prevent her from doing all of her housework. It seems to us under all of the circumstances that $4,000 as found by the court who heard the evidence and saw the plaintiff at the time of the trial is indeed the least amount that an unprejudiced jury would probably find. We therefore find nothing to criticize in the amount found by the trial court.

*By the Court.*—Judgment affirmed.