TERRIEN, Administrator, and wife, Respondents, vs. ROENITZ and another, Appellants.

*January 11—February 6, 1934.* ·

264

For the appellants there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *Ray C. Dempsey*.

For the respondents there was a brief by *Elmer R. Honkamp,* attorney, and *Benton, Bosser & Tuttrup* of counsel, and oral argument by *A. W. Parnell,* all of Appleton.

FOWLER, J.    The errors claimed by appellants are (1) that the findings of the jury relating to the negligence of Mrs. Roenitz and of the deceased should have been changed upon their motion and the complaint dismissed; and that if the complaint should not have been dismissed, a new trial should have been granted because the findings of the jury are inconsistent; and that (2) the damages for pecuniary loss are excessive as reduced by the court and should have been further reduced or a new trial granted.

(1) The answers of the jury to the questions relating to negligence of Mrs. Roenitz are clearly supported by the

evidence. The only contention respecting the findings as to the negligence of the deceased that merits any special consideration relates to the finding that the deceased was not negligent as to headlights on his car. The occupants of Mrs. Roenitz's car all testify that the other car had no headlights. They also say that two of the occupants exclaimed just before the collision that the car was without lights. There was also testimony from a relative of one of the occupants of the Roenitz car that shortly after twelve o'clock the night of the accident he saw a green Ford coupe on the Main street bridge at Oshkosh whose lights were going on and off. When the car came on the bridge the lights went on and then went off, and as it crossed the bridge the lights were off. He saw the deceased's car in the garage two days later and claimed to identify it as the car he saw on the bridge. The collision occurred on the highway a few miles south of the bridge around 12:30 o'clock.

After the collision the headlight switch of the deceased's car was on. The switch was located on the steering wheel and the wheel was so broken that the switch was locked and could not be turned either way, so that the switch was on when the cars met. The dash light, on a different circuit, was on. The deceased's car was nearly off the roadway, lying with its right wheels on the shoulder and its left in the ditch, facing south. The deceased was lying directly behind, to the north of his car. The other car was facing northwest, its rear wheels near the center line of the pavement and its front either off or near the west edge of the pavement. The two cars were six and a half to eight feet apart. Mrs. Roenitz and two occupants of her car testified that she was on the right side of the road at the time of and while approaching the place of the collision. The appearance of the cars after the collision indicated that the left fronts of the two cars collided. The occupants of the Roenitz car had been drinking beer at a roadhouse prior to the

time of the collision, there were broken beer bottles and a case of beer in their car after it, and they were on their way to the home of Mrs. Roenitz for a lunch and continuance of their association.

The contention respecting the finding as to lights on the car of the deceased is that it is contrary to the undisputed testimony of four credible witnesses, and the jury were bound to answer in accordance with this testimony. The finding was that the deceased was not negligent as to lights. This does not necessarily imply that his lights were on. The fact that immediately after the collision the deceased lay directly behind his car may have been considered by the jury to indicate that he was stopped beside the road in effort to fix his lights at the time of the collision, and that the evidence did not establish that he was negligent in so doing. It was for the defendants to establish negligence, and the jury may have thought the defendants had not met this burden, even if the lights were off. There were grounds also for the jury to consider that the witnesses were not credible. They manifestly rejected their testimony as to the Roenitz car being on its right side of the road, and the position of the cars after the collision justified this rejection. Their testimony in this respect being false, the jury may have considered them not credible. And the circumstances as to the drinking may have not unreasonably affected the jury's opinion as to their credibility. The condition of the switch on the deceased's car tended to support an inference that the lights were on. We cannot say that the jury were not justified in considering that negligence of the deceased as to lights was not established. The same, with stronger reason, may be said in respect to the jury's other findings as to negligence of the deceased. We perceive no inconsistency in the jury's findings, and being supported by the evidence and being sufficient to support the judgment, the defendants' motions for judgment in their favor and for a new trial were properly denied.

(2) On the question of damages the court gave the plaintiffs an option to accept one-half of the jury's award for pecuniary loss—$2,000—or stand a new trial. It is claimed he should have required a greater reduction as basis of the option. The parents were fifty-one and forty-eight years of age. They owned their $2,600 home clear and owed $800. Both suffer somewhat from ill-health. The son was twenty-four years of age. He had worked since fourteen, and until twenty-one gave all his earnings to his parents. For three years he had been working for his uncle in Milwaukee at a filling station for $25 to $28 a week and had contributed $65 to his parents during this period, and had given them articles of furniture of $300 value. He was soon to be married. Upon this evidence we cannot say that the amount fixed by the trial judge as the least a jury properly actuated would be likely to allow upon the evidence, is not warranted.

*By the Court.*—The judgment of the circuit court is affirmed.