MALLIET, Respondent, vs. SUPER PRODUCTS COMPANY, Appellant.

*February 9—April 30, 1935.*

The cause was submitted for the appellant on the brief of *Wheeler & Witte* of Milwaukee, and for the respondent on those of *Olen & Olen* of Clintonville.

The following opinion was filed March 5, 1935:

FRITZ, J.    Plaintiff seeks to recover damages from the defendant for loss which he claims to have sustained because of his use and resale of an antifreeze solution which the defendant sold to him, and which he claims was so harmful that it caused damage to two automobiles belonging to him, and twelve automobiles belonging to customers to whom he sold the solution.    He claims that his loss consisted of, (1) the damage caused to his automobiles; (2) his liability to reimburse his customers for the damage caused to their automobiles, and for the purchase money which they had paid to him for the solution; (3) his loss of profits on those sales; and (4) his loss of business and resulting profits due to his having sold such an injurious solution.    Defendant denied, (1) that the solution, as delivered by defendant, was harmful, and (2) that it was liable to plaintiff.    It also counterclaimed for a balance due for merchandise sold to plaintiff. Plaintiff denied liability on the counterclaim.

On a trial of the resulting issues the court directed a finding in the verdict that the plaintiff owed the defendant $194.31 on the counterclaim; and the jury found in a verdict, which was rendered on November 1, 1932, that the solution contained elements harmful to automobile radiators, and was unfit for use as an antifreeze mixture; and in that connection the jury assessed plaintiff's damages at $1,475.80. Both parties moved to change answers of the verdict, and, in addition, the defendant moved for a new trial.    Those motions were not decided until the court, on January 12, 1933, held that there was no support in the evidence for the jury's

finding that plaintiff's damages were $1,475.80, and that the evidence tended to show a sum around $800, which was all that counsel had asked. Because of that erroneous assessment of damages, the court ordered a new trial. However, as under sec. 270.49, Stats. 1931, the motion for a new trial should have been deemed overruled because it was not decided within sixty days after the rendering of the verdict, the court, on July 6, 1933, vacated its order for a new trial, and ordered judgment for the recovery of $1,312.29 by plaintiff from the defendant. That amount was the jury's assessment of $1,475.80, as plaintiff's damages, after deducting therefrom $163.51, allowed on defendant's counterclaim for $194.31, from which the court deducted $30.80, charged by defendant for the harmful solution. In entering judgment upon that order for judgment, plaintiff had the court clerk add to the net amount which was recoverable under the court's order, the sum of $252.78 as interest from the commencement of this action. That addition to the net amount of plaintiff's assessed damages of an amount for interest from the commencement of the action was error. Under sec. 271.05, Stats., the only interest on the damages as assessed by a jury's verdict which can be computed by the clerk and added to the costs, without an order or adjudication by the court to that effect, is for the period "from the time of the verdict or report until judgment is finally entered."

However, in addition to assigning error in that respect, defendant contends that the judgment is erroneous because the jury's finding, which assessed the plaintiff's damages at $1,475.80, is without support in the evidence.

The record discloses that, under the most favorable view to the plaintiff that the credible evidence admits of, the total loss which he could possibly have sustained because of injury to twelve automobiles belonging to his customers and two of his own, as the result of the harmful solution, did not exceed $757. In addition, his loss, if he had sold to customers two

hundred of the entire quantity of two hundred and sixteen quarts and refunded to his customers all which he would have received from them at his selling price of thirty cents a quart, could not have exceeded $60; and his total loss of profits on those two hundred quarts at sixteen and one-fourth cents per quart, less his overhead and other expenses, which he testified had to be deducted, could not have exceeded $30. Adding those two amounts of loss to the other item of $757 would make his total damages, in those respects, $847 at the very most. That would still be some $628 less than the jury's assessment. However, to justify that assessment, plaintiff contends that he was also entitled to recover for other loss, which he claims that he sustained in his business of repairing automobiles and selling supplies, as the result of his selling a harmful solution.

We fail to find in the record any credible evidence which admits of finding to a reasonable certainty that plaintiff's net income from his business was diminished to any such extent as $628 as a natural and proximate result of his selling that solution, and the sale thereof to him by the defendant. Consequently, the jury's assessment is without support in the evidence, and fails, as a matter of law, to afford adequate basis for the judgment. As the recovery by plaintiff of the amount awarded by the judgment, on the basis of that assessment, would result in a miscarriage of justice, it is necessary, and within the power of the court (*Campbell v. Sutliff*, 193 Wis. 370, 375, 214 N. W. 374), to reverse the judgment and order a new trial. However, as the verdict is defective only in respect to the assessment of damages, a retrial is not necessary as to all issues. On the other hand, as $847 is the highest amount which an intelligent jury, properly instructed, could, in the exercise of sound judgment, upon the evidence and the law applicable thereto, rightly assess as plaintiff's damages, his right of trial by jury will not be invaded, if the defendant, in order to relieve both

parties from the delay and expense of another trial, will elect to consent to the entry of judgment against it for $847. *Campbell v. Sutliff, supra,* p. 379; *Risch v. Lawhead,* 211 Wis. 270, 276, 248 N. W. 127. If defendant does not so elect within twenty days after the service of a notice of *remittitur,* a new trial must be granted on that issue of damages. In view of a stipulation made between the parties, no costs are to be taxed in this court.

*By the Court.*—Judgment reversed, and cause remanded with directions for further proceedings in accordance with the opinion. Respondent shall pay the clerk's fees in this court.

A motion for a rehearing was denied, with $25 costs, on April 30, 1935.