STIER and another, Respondents, vs. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and another, Appellants.

*February 26—April 8, 1947.*

For the appellants there was a brief by *Bouck, Hilton & Dempsey,* and oral argument by *L. C. Magnusen* and *Joseph E. Dempsey,* all of Oshkosh.

For the respondents there was a brief by *O'Leary & Joyce* of Neenah, and oral argument by *J. W. O'Leary* and *E. C. Joyce.*

FRITZ, J. Defendants contend that the jury's awards to Carol Stier of $2,500 for pain and suffering and $500 for permanent injury are grossly excessive. On October 2, 1944, —when she was six and one-half years of age,—she was injured upon being knocked down to the street pavement by defendant Nichols' automobile; and sustained a clean fracture in the middle third of the femur of the right leg. She was immediately taken to a hospital and confined there until December 18, 1944. X rays taken there revealed the fracture, and the leg was placed by her attending physician, Dr. Pratt, in a traction splint and so remained for three weeks. A consulting physician and orthopedic surgeon, Dr. Brown, first treated Carol on October 17, 1944, and to obtain more efficient traction, on October 23, 1944, he inserted a Steinman pin through the fractured bone. This required the use of anesthesia. Carol also suffered intense pain on three occasions when the doctors changed the splints on the leg. For eleven weeks it was in constant traction and a suspended position. Her nurse testified:

When she came to the hospital on October 2, 1944, Carol was in pain. Whether it continued depended upon the treatment which was given her. If the leg would be fixed in one position she would be all right. It takes a week or so to get over that. When an X ray is taken and the bone is not in place they put it in a different position, and when they did that we had to give her something for the pain. It was changed three different times. When the splints were changed it involved pain to her. Her bed would be wet and she would cry and the doctor would order something to quiet this pain.

After the splints were removed she had a lot of pain, and was not able to walk. That is why we had to do so much massaging; and she had to learn to walk all over again.

There is no proof that Carol suffered any multiple bruises, contusions, or cuts; nor any pain after leaving the hospital in December, 1944. Her recovery was complete and in a normal period. Carol gradually learned to walk again and has been freely using her leg since January 15, 1945, when she returned to school, and she was able to get out and play, as any normal child would, without any pain or discomfort. Dr. Brown testified:

There is no discrepancy in measurement. The muscle power in both legs is equal. There was an inward rotation of approximately twenty degrees or less (fifty degrees is the normal amount of motion in the hip of a child of that age). The inward rotation, if any, does not affect her use of the leg, impair its efficiency, cause pain, inconvenience or embarrassment. The hip compensates for the inward rotation. It should disappear.

Dr. Schneider, who examined plaintiff on behalf of defendants on April 16, 1946, had the leg X-rayed and he testified:

There is no inward rotation at the present time. Carol has had perfect recovery of her legs; and the inward rotation is of no consequence, causes no disability, and it is not apparent.

In relation to the award of $500 for permanent injury, defendants contend the proof is insufficient to establish that there is permanent injury in view of:

(1) Dr. Schneider's testimony that on April 16, 1946, he could not find any presence of inward rotation and found the slightest trace of torsion in the lower fragment with relation to the upper one; that it is difficult to estimate the degree and it is of no importance. He wouldn't know whether the torsion would disappear or not, and it wouldn't mean anything if it didn't. He was unable to find anything that would interfere in any way in the use of the right leg; and there is no expecta-

tion in his opinion that the child will suffer any permanent effects as a result of the accident.

(2) Dr. Brown's testimony that the inward rotation of twenty degrees or less constituted no present or future disability to the use of the leg. Normally in a child of that age rotation at the hip is between thirty-five and forty or possibly fifty degrees inward and outward. Carol's inward rotation will not have any practical effect on her gait or prevent anything she would do,—run, hop and skip. That will be compensated for by the hip itself.

Plaintiffs, on the other hand, contend the evidence introduced on the trial warranted finding that there are residuals following the fracture and therefore there is permanent injury in that Dr. Brown testified there was a twenty-degree loss of rotation because of the torsion of the bone (which defendants' witness Dr. Schneider admitted, but claimed the torsion was in an opposite direction to that testified to by Dr. Brown); and Dr. Brown testified also that, although the loss of rotation may disappear in time, in view of the lapse of time (one and one-half years) between the injury and the date of the trial, and the presence still of such limitation in rotation, he would not be as hopeful of it completely disappearing, as he was immediately after the release of the patient from the hospital. In view of the conflict in that respect in the evidence of the doctors, the trial court concluded it was within the jury's province to believe Dr. Brown's testimony, and that it was sufficient to sustain the jury's finding in respect to permanent disability and the award of $500 as damages therefor. The court's conclusion in that respect must be sustained.

Under the evidence the court, as well as the jury, were warranted in finding that as the result of the fracture there was still, at the time of the trial, the torsion of the bone, which caused a loss of rotation from the normal thirty-five or fifty degrees to between fifteen and twenty degrees; that although while the leg was healing Dr. Brown thought the loss of rotation would disappear, it has not disappeared during the year and a half up to the time of the trial; and that, as the leg still

rotates inwardly upon walking, it will cause the child some embarrassment as she grows into young womanhood. Consequently, the provision in the judgment for the recovery of $500 for her permanent injury must be affirmed.

However, the jury's award of $2,500 as damages for the pain and suffering is excessive. Under the evidence there appears to have been intense pain and suffering on only the occasions when, during the course of the eleven weeks' hospitalization, X-ray pictures were taken, the traction splint was applied, and the position of the bone and of the splints was changed at three different times. Under these and the other facts and circumstances material here, in relation to the issue as to a proper award for pain and suffering under the principles and the conclusions in respect thereto (stated in *Hartzheim v. Smith,* 238 Wis. 55, 298 N. W. 196; *McCumber v. Rovelsky,* 203 Wis. 158, 233 N. W. 627; *Osborne v. Montgomery,* 203 Wis. 223, 234 N. W. 372; *Prasch v. Prasch,* 200 Wis. 353, 228 N. W. 745), the jury's award of $2,500 is clearly excessive. Instead, we consider an award of not in excess of $1,750 for pain and suffering to be the highest amount which a fair-minded jury can properly assess, and which can be sustained under our decisions. However, in neither this nor in any other respect does the jury's verdict indicate any such passion, prejudice, or perverseness on its part as to necessarily require a reversal and the granting of a new trial. Consequently if defendants within twenty days after the *remittitur* of the record to the circuit court will consent to the recovery of $1,750 for Carol Stier's pain and suffering, judgment may be entered accordingly as to that item of damage; otherwise a new trial will be granted on solely that issue because the jury's award was excessive in that respect.

*By the Court.*—Judgment affirmed as to the recovery of all items of damage provided thereby excepting the recovery of $2,500 as damages for pain and suffering; and as to that item the cause is remanded for further proceedings in accordance with the opinion.