NIMITS and others, Respondents,. vs. MOTOR TRANSPORT COMPANY and another, Appellants.

*September 15—October 12, 1948.*

For the appellants there was a brief by *D. J. Regan* of Milwaukee, attorney, and *Schanen, Schanen & Pauly* of Port Washington of counsel, and oral argument by *Mr. Regan.*

For the respondents there was a brief by *Gustave J. Keller* and *L. H. Chudacoff,* both of Appleton, and oral argument by *Mr. Chudacoff.*

HUGHES, J. The collision occurred between the automobile-transport truck of the respondent, Magdalene Nimits, and the parked motor transport of the appellant Motor Transport Company. Appellant contends, first, that the trial court erred in refusing to set aside the finding of the jury that the appellant's driver's admitted negligence in not carrying in his truck the fusees, flares, and lights required by sec. 85.06 (2) (d), Stats., was a proximate cause of the collision between appellant's parked tractor-semitrailer and respondent's moving tractor-semitrailer. Secondly, appellant contends that the court erred in refusing to find as a matter of law that the negligence of the driver of respondent's tractor combination was at least equal to that of the driver of appellant's transport.

Question 1 of the special verdict, as submitted to the jury, was:

"At and just prior to the time of the collision was John Gries [appellant's driver], in the manner of operating his truck, negligent with respect to:
"(a)    Parking?"
Answered by the jury: "No."
"(b)    Having and displaying the lights, fusees, reflectors, and flares required by law?"
Answered by stipulation: "Yes."

Question 3:

"Was the negligence of John Gries with respect to having and displaying the lights, fusees, reflectors, and flares required by law a cause of the collision?"

Answered by the jury: "Yes."

Appellant's principal objection is that the form of question 3 is involved and confusing to the jury in that it includes reflectors as well as fusees and flares; that the statute does not require such reflectors; and therefore the question placed an additional burden on the appellant in the minds of the jurors. It would appear to be a sufficient answer to this argument that subdivision (b) of question 1 was the same and, while possibly defective, no objection to its form was raised by appellant's counsel at the trial, and in fact it was accepted by him and answered on stipulation.

Counsel for the parties have a distinct obligation to aid in the preparation of special verdicts and to voice objection to the form of questions, if such questions are objectionable, when it will afford an opportunity to the trial court to correct them. Counsel may not accept the language of the trial court as used in the special verdict without objection, wait and see whether the answers of the jury are satisfactory and, if not, then for the first time complain about the phraseology upon appeal. In addition, it does not appear that if the language of question 3 had been altered, the answer of the jury would have been different.

Appellant next contends that the trial court erred in failing to change the answer of the jury on comparative negligence and find that the respondent's operator of the truck in motion was guilty of negligence at least as great as the negligence of the appellant's operator. This contention is based largely upon the fact that the jury found the appellant's operator guilty of negligence only with respect to carrying proper warning signals for use when his truck had been parked, and found two elements of negligence on the part of the respondent's operator,

namely, failure to keep a lookout and failure to properly control his motor vehicle when overtaking the parked truck.

This accident happened late at night and the comparison of the driver's duty with respect to lookout and management of his vehicle in motion with the negligence of the driver having a parked truck without proper caution lights set out, was one strictly within the province of the jury. That it exercised careful judgment is indicated by the fact that it found the appellant guilty of sixty per cent of the negligence and the respondent guilty of forty per cent. The mere fact that there were two elements of negligence involved in the respondent's conduct as against one element on the part of appellant's driver, does not remove the case from the consideration of the jury on comparative negligence. The acts differ in kind and quality, and the comparison is for the jury. *McGuiggan v. Hiller Brothers* (1932), 209 Wis. 402, 245 N. W. 97; *Callaway v. Kryzen* (1938), 228 Wis. 53, 279 N. W. 702, and cases there cited.

*By the Court.*—Judgment affirmed.