Costello, Respondent, vs. Schult and another,
Appellants.

*November 2—December 1, 1953.*

244

For the appellants there was a brief by *Schmitt & Gullickson* of Merrill, and oral argument by *S. G. Gullickson.*

For the respondent there was a brief by *Sullivan & Beaudry* of Milwaukee, and oral argument by *Robert J. Beaudry.*

GEHL, J.    Two essential questions are presented: Whether, upon defendants' appeal, we should reverse the order changing the answer to question 2(b) of the verdict, and whether, upon plaintiff's motion to review, we should hold that the court erroneously reduced the award for pecuniary loss.

The highway at the scene of the accident runs in a generally easterly and westerly direction.  Schult's home is on the south side thereof and his driveway intersects it at a right angle.  To the west of the driveway the highway curves to the southwest.  At a point about 56 feet west of the driveway there was a sign indicating a speed limit of 25 miles per hour.

Schult testified that he approached his driveway from the east.  He first observed the motorcycle when it was from 130 to 146 feet from him and at that time he had started a left turn toward the driveway.  Luetzow was coming toward him at a "tremendous" speed.  When he started his turn and observed

the motorcycle he applied his brakes "for just a second" but did not come to a complete stop. When he first saw the motorcycle he had "just started to turn;" he had not crossed the center line, "not the whole car." When he had released his brakes he "drove into the driveway; kept on going."

Luetzow testified that as he approached the curve he was traveling at the rate of 50 miles per hour. He saw Schult's car, Schult hesitated and without giving any signal turned directly in front of him. The car "seemed to hesitate and then it turned directly in front of me." He turned his motorcycle to the left in an effort to "get out of his way by going behind him." The motorcycle grazed Schult's right rear fender causing him to lose control. At the time of the impact he had reduced his speed and was going at the rate of 25 to 30 miles per hour. He was about 75 to 100 feet from Schult when the latter started to make the left turn.

The jury having found Schult guilty of negligence in the manner in which he made his turn the only permissible inference is that he was blocking the path of Luetzow and that his conduct was a substantial factor in bringing about the collision. Had he completed the turn and left the highway there would have been no collision. The jury found by their answer to question 1(b) that Schult was at fault in the manner of making his turn, they accepted Luetzow's testimony as true, that the collision occurred upon the highway and that Schult blocked his path.

What is said in *Hobbs v. Nelson,* 188 Wis. 108, 114, 205 N. W. 918, is applicable:

"While it is true that a violation of the law of the road is not necessarily of itself a proximate cause of an injury occurring at the time and place of such violation, yet under the facts as here presented, if the defendant crowded over into the territory properly occupied by the boy on the bicycle, such action by the defendant must necessarily have had some material contributing effect in causing the collision."

The court properly changed the answer to question 2(b).

We do not consider it necessary to say more with respect to plaintiff's contention that the answers to questions 1(a) and 2(a) should have been changed than to observe that the answers have ample support in the testimony.

We believe that the court properly reduced the award for pecuniary loss from $5,000 to $1,000. The citation of cases on an issue such as this is of no great help. The circumstances in the cases are so varied that each must be decided on its own. The plaintiff is a widow and was fifty-seven years of age at the time of trial. She owned her home. She was receiving a monthly pension of $48, one of her sons paid her $20 per month for board and lodging, and another paid her $15 per week when he was able. Ellen was eighteen years of age, had graduated from high school in February, 1951, and had been employed since March. She lived with her mother but paid her nothing for her maintenance. The mother testified that she charged her nothing therefor because at the time Ellen was paying a dental bill. At one time Ellen bought a coat for her mother and from time to time gave her presents and small amounts of money. The mother was planning to build another house and Ellen had told her that she would contribute to its cost. Ellen was in good health and was earning about $150 per month.

To sustain an award for pecuniary loss suffered by a parent on account of the death of a minor child, a loss subsequent to the child's majority, there must be evidence to support an inference that the parent would have received pecuniary benefits if death had not occurred. *McGonegle v. Wisconsin G. & E. Co.* 178 Wis. 594, 190 N. W. 471. As we have pointed out Ellen had contributed very little. There is nothing in the record to warrant the inference that she would have contributed more before reaching her majority, and certainly nothing to suggest that upon reaching her majority she would

contribute even as much as she had given. The award for pecuniary loss was properly reduced.

The trial court reduced the jury's award for pecuniary loss from $5,000 to $1,000, and indicated in two memorandum opinions and in the recitals preceding the decretal part of the order that the *least* amount that an unprejudiced jury properly instructed would, under the evidence, probably assess. The pertinent parts of the order are as follows:

"It is further ordered that the answer to part (c) of the third question in the special verdict be, and hereby is, changed from $5,000 to $1,000;

"It is further ordered that the plaintiff may, within twenty (20) days from the date on which a copy of this order is served upon the plaintiff or her attorneys, serve notice upon the attorneys for the defendants of her election to accept the reduction of the damages for pecuniary loss to one thousand dollars ($1,000), and if the plaintiff does not serve such notice then the defendants shall have a new trial on the issue of damages only at the next regular term of this court;

"It is further ordered that in the event the plaintiff does within twenty (20) days elect to accept the amount of one thousand dollars ($1,000) for pecuniary loss then the clerk of this court is hereby authorized and directed to enter judgment herein in favor of the plaintiff and against the defendants, jointly and severally, in the amount of four thousand six hundred fourteen dollars and thirty-one cents ($4,614.31), plus costs and disbursements to the plaintiff."

As we have already pointed out and as the trial court also observed, the award of $5,000 is grossly excessive. We disagree with the trial court that $1,000 is the *lowest* amount at which a fair-minded jury properly instructed would probably assess plaintiff's damages for pecuniary loss. We are of the opinion that under the circumstances $1,000 is the *highest* amount. There arises, then, the question whether this court has authority to reverse the trial judge's finding.

We have on several occasions exercised rather broad authority in matters involving similar problems. In *Shearer v. Pringle,* 203 Wis. 164, 233 N. W. 623, the trial court reduced a jury's award of $2,083 to $1,500. This court held that $1,500 was still excessive as the lowest amount and that $500 would more properly constitute the lowest amount properly assessable. In *Osborne v. Montgomery,* 203 Wis. 223, 234 N. W. 372, the trial court had permitted an award of $2,500 to stand. We held that the award was excessive but that we could not, in view of the circumstances, fix a minimum or a maximum. We did say, however, that $1,500 would constitute a maximum recovery. In *Malliet v. Super Products Co.* 218 Wis. 145, 259 N. W. 106, we ordered reduction of a jury's award to a specified amount, although the trial court had permitted it to stand. The same was done in *Hartzheim v. Smith,* 238 Wis. 55, 298 N. W. 196, and *Stier v. State Farm Mut. Automobile Ins. Co.* 250 Wis. 209, 26 N. W. (2d) 545. In *Asplund v. Palmer,* 258 Wis. 34, 44 N. W. (2d) 624, the trial court's reduction of a jury's assessment was ordered further reduced to an amount which this court considered the lowest amount properly assessable.

These cases demonstrate that the court has not considered that in dealing with jury awards of damages urged to be excessive or inadequate, it is bound by narrow limits, and that we may with authority correct any error made by the trial court in its action upon an award.

We conclude that the trial court erred in finding that $1,000 is the *least* amount properly assessable and conclude further that it is the *highest* amount. The option should have been given to the defendants to consent to the entry of judgment for that amount, plus the other items assessed and not attacked, or to submit to a new trial. *Gerlach v. Gruett,* 175 Wis. 354, 185 N. W. 195; *Campbell v. Sutliff,* 193 Wis. 370, 214 N. W. 374; *Risch v. Lawhead,* 211 Wis. 270, 248 N. W. 127.

250

There does not appear to be any reason for a retrial on the issue of damages except as to pecuniary loss. In fact, no complaint is made against the award for funeral and medical expenses and the reduced award for loss of society.

*By the Court.*—The order is modified so as to provide that the option be given to the defendants to consent to the entry of judgment against them in the sum of $4,614.31 or to submit to a new trial on the issue of pecuniary loss only, such option to be exercised within thirty days from the date of the receipt by the circuit court for Lincoln county of the record from this court. In all other respects it is affirmed on both the appeal of the defendants and the plaintiff's motion to review. No costs to be taxed in this court. Appellants to pay the clerk's fees.