SHASKE and another, Plaintiffs and Respondents, vs. HRON (Elroy), Defendant: HRON (Kevin), by Guardian *ad litem*, Defendant and Appellant.

*March 3—April 6, 1954.*

For the appellant there was a brief by *Byrne, Bubolz &
Spanagel* of Appleton, and oral argument by *Edward J.
Byrne.*

For the respondents the cause was submitted on the brief
of *Bartelt & Bartelt* of Kewaskum, attorneys, and *Henry A.
Detling* of Sheboygan of counsel.

FAIRCHILD, C. J.   The question presented on this appeal
is whether a boy four years, eight months old, of normal
intelligence for his age, is, as a matter of law, incapable of
negligence. There is a dividing line in child development of
intelligence and aptitude below which a child is not expected
to conform to the standard of behavior reasonably expected
of an older person, and because of this lack of development
the acts of the child are to be judged by a standard of be-
havior based on what may be reasonably expected from such
a child. The caution required of a child depends on the
maturity and capacity of the child. If he is "so young as to
be manifestly incapable of exercising any of those qualities
of attention, intelligence, and judgment which are necessary
to enable him to perceive a risk and to realize its unreasonable
character," he is generally held incapable of negligence. Re-
statement, 2 Torts, p. 743, sec. 283, comment *e.*

There is an age of a child at which general experience
declares him to be *non sui juris,* and it has been generally

considered that a child under five and one-half years of age is incapable of either contributory or primary negligence. Under the circumstances disclosed by the evidence which the record contains, the child, Kevin Hron, must be held to be free from negligence arising out of an act resulting in damage to a child with whom he was playing. It is considered that the motion for summary judgment in favor of the child dismissing the complaint against him should be granted.

In *Ruka v. Zierer,* 195 Wis. 285, 293, 218 N. W. 358, the court made the following statement: "The boy was five years and three months of age. While it is held in a few jurisdictions that a child of that age is capable of contributory negligence, the overwhelming weight of authority is to the effect that a child of that age is conclusively presumed to be incapable of contributory negligence. See Note in L. R. A. 1917F, on page 57. This rule meets with our entire approval, especially under the facts and circumstances of this case."

While *Ruka v. Zierer, supra,* deals with contributory negligence as distinguishable from primary negligence, the authorities generally do not distinguish between the two.

*By the Court.*—Judgment reversed. Cause remanded with directions to enter judgment in favor of Kevin Hron, dismissing the complaint as to him.