THOMAS, by Guardian *ad litem,* Appellant, vs. TESCH and another, Respondents.*

*November 11—December 7, 1954.*

---

* Motion for rehearing denied, with $25 costs, on February 8, 1955.

For the appellant there was a brief by *Van Susteren & Bollenbeck* of Appleton, and oral argument by *Urban P. Van Susteren.*

For the respondents there was a brief by *Benton, Bosser, Fulton, Menn & Nehs* of Appleton, and oral argument by *David L. Fulton.*

CURRIE, J. This court, in *Shaske v. Hron* (1954), 266 Wis. 384, 63 N. W. (2d) 706, held that as a matter of law a child under the age of five and one-half years is incapable of either contributory or primary negligence. The trial of the

instant case took place on January 11, 1954, and the order for judgment upon motions after verdict was entered March 3, 1954, while our decision in *Shaske v. Hron* was not handed down until April 6, 1954. This undoubtedly accounts for the fact that the learned trial judge submitted an issue as to plaintiff's negligence to the jury and permitted the jury's finding of causal negligence on the part of plaintiff to stand.

As the plaintiff child in the instant case was under the age of five and one-half years at the time the accident occurred, she was legally incapable of contributory negligence. Therefore, the only issue in the case which remains on this appeal is whether judgment should be granted in favor of the plaintiff for the full $300 damages found by the jury or whether such damages are so inadequate that a new trial should be granted.

The child was rendered unconscious as a result of the accident for a short period of time and her injuries consisted of a fractured clavicle, a hematoma of the right hip which resulted in blood in the hip joint, and bruises to her knees and face. She was confined to a hospital for one and a half days following the accident. Her shoulder was first merely taped, but, on April 4th, an orthopedic surgeon was called in and he applied a figure-8 plaster cast on the upper portion of her body which resulted in both arms being extended straight out, which cast was not removed until April 23d. On April 4th, when examined by such orthopedic surgeon, the hematoma was such as to prevent plaintiff from moving her right leg, but by April 13th, she was able to walk without a limp. The surgeon testified that plaintiff had ten days of pain and suffering as the result of such hematoma. The fracture of the clavicle healed in normal time and there is no claim made of any permanent disability.

It is our conclusion that the jury's award of $300 damages is so inadequate that it cannot be permitted to stand. The

cause should be remanded with directions that the trial court determine the lowest amount which a fair-minded jury, properly instructed, would probably allow plaintiff for her damages, and upon said amount being so fixed the plaintiff be given the option of accepting said amount or a new trial. See *McCauley v. International Trading Co.,* ante, pp. 62, 71, 66 N. W. (2d) 633; and *Costello v. Schult* (1953), 265 Wis. 243, 61 N. W. (2d) 296. If the plaintiff shall refuse to accept the damages offered in the option to be extended by the trial court, the new trial thereupon to be had should be limited to the question of damages. We deem that the undisputed testimony of the defendant Tesch clearly establishes his causal negligence as to lookout.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter an order in conformity with this opinion.

The following opinion was filed February 8, 1955:

CURRIE, J. (*on motion for rehearing*). Counsel for defendants, in the brief filed in support of their motion for rehearing, contend that the guardian *ad litem* for plaintiff waived the issue as to whether the plaintiff child could be held to be guilty of contributory negligence by not objecting to the inclusion in the special verdict of the questions inquiring as to her negligence.

Seven recent decisions of this court are cited in support of such contention. In four of such cases the error in the verdict complained of was that questions were included in the verdict which should not have been, and in the other three we find the reverse situation where error is claimed because of the failure of the verdict to contain a question omitted therefrom. However, in all seven the only way to have cured the alleged error, if it were determined that the appellants were correct in their contentions, would have been to have ordered a new trial. The reason why a new trial would have been

necessary in the four cases in which alleged erroneous questions were inserted in the verdict is because of the possible effect of the answers thereto on the comparative-negligence question. The reason for invoking waiver in such type of case against the party whose counsel has failed to voice a timely objection to the form of the verdict was well stated by Mr. Justice HUGHES in *Nimits v. Motor Transport Co.* (1948), 253 Wis. 362, 364, 34 N. W. (2d) 116, as follows:

"Counsel for the parties have a distinct obligation to aid in the preparation of special verdicts and to voice objection to the form of questions, if such questions are objectionable, *when it will afford an opportunity to the trial court to correct them.*" (Emphasis supplied.)

In the instant case the error in the form of the special verdict can be fully rectified without a resort to a new trial in so far as the issues of negligence are concerned. All that needs be done is to treat the jury's answers as to the questions inquiring as to the plaintiff child's negligence, and to the comparative-negligence question, as surplusage, which they are in view of our decision in *Shaske v. Hron* (1954), 266 Wis. 384, 63 N. W. (2d) 706. Therefore, there is no reason to invoke the rule of waiver contended for by defendants' counsel.

Counsel for defendants also maintain that the issue of the negligence of Tesch as to lookout presented a jury issue and should not be decided as a matter of law. We did not intend in our opinion to hold that Tesch was negligent as to lookout as a matter of law, but rather to point out that there was evidence to substantiate the jury's determination finding him causally negligent in that respect. The reason why our mandate restricted the new trial to the issue of damages only was because we could perceive no good reason why the issue of negligence should be litigated again.

*By the Court.*—The motion for rehearing is denied with $25 costs.