SCHNEIDER, by Guardian *ad litem,* and another, Appellants, vs. NEUMAN and another, Respondents.

*October 10—November 5, 1957.*

For the appellants there was a brief by *E. W. Hooker,* and oral argument by *Mr. Hooker* and by *Mr. L. V. Kaminski,* both of Waupun.

For the respondents there was a brief and oral argument by *Robert G. Hartman* of Juneau.

WINGERT, J. The judgment must be affirmed.

1. *Negligence issue.* Was Neuman negligent as a matter of law in failing to see Yvonne? We think not. Neuman admitted that he was looking straight ahead and did not see the little girl. Appellants contend that the child cannot have traveled very rapidly from the curb to the point of impact with defendant's car; that she had to cross at least 18 feet of open street, even if she came out from behind a parked car; and that during some of the time she must have been far enough in front of Neuman's car to be within the range of vision in which he was bound to keep a lookout. It is urged that on a city street a driver must look diagonally to his right and left and does not do his full duty by looking only straight ahead as if he were in a tunnel.

Mrs. Schneider, Yvonne's mother, testified that she was standing in front of a certain grocery store some distance south of the place of the accident when she saw Yvonne step off the east curb and start across the street; that she, the mother, walked northward, keeping her eyes on Yvonne, who kept on "toddling;" and that when the impact occurred the mother was in front of a bakery that was 54 feet north of the grocery store. If in fact the mother walked 54 feet at a normal or even rapid walking speed while Yvonne was "toddling" across the street, Neuman must have traveled over 100 feet in that time, and there would be much force in appellants' argument that the child must have been within the area which Neuman was obligated to see.

However, the jury evidently did not believe Mrs. Schneider. She also testified that the accident took place

in the crosswalk, but was impeached by evidence of an inconsistent statement she made to a police officer immediately after the accident; and since the jury found that Neuman was not negligent in failing to yield the right of way, they must have disbelieved Mrs. Schneider's testimony that Yvonne was on the crosswalk. Having found her unworthy of belief in that respect, they were not bound to believe her story that she walked 54 feet while Yvonne was in the street, or that Yvonne was merely toddling. *Terrien v. Roenitz,* 214 Wis. 263, 266, 252 N. W. 689; *Steber v. Chicago & N. W. R. Co.* 139 Wis. 10, 17, 120 N. W. 502. The police officer testified she told him "she called to her child that was *running* across the street."

There is no other evidence how long Yvonne took to cross the 18 feet of open street. By assuming a maximum rate of progress half that of Neuman, appellants argue that the child must have been in an area where Neuman could have seen her had he kept a lookout at a 30-degree angle to the left of straight ahead. We are not prepared to take judicial notice, however, that a three-year-old child cannot travel a few yards at more than five or six miles per hour, and there was no evidence on that subject. Moreover, Neuman gave testimony from which the jury could find that Yvonne bumped against his car at a point back of the driver's seat, a fact that would upset appellants' calculations, and take her beyond the 30-degree angle of vision.

In view of the uncertainties in the testimony, the problem here can hardly be solved by mathematics. In the circumstances, we think it was a jury question whether in the exercise of ordinary care Neuman should have seen the child, bearing in mind that there was nothing to warn him in advance that children were likely to be there. We do not hold that a driver in such circumstances does his full duty by looking only straight ahead; but we cannot say as a matter of law that Neuman was required to keep a lookout at as

wide an angle to the left as the jury may have reasonably found was necessary to see Yvonne.

Some prior decisions throwing light on the question of the required lookout for children in the street, but distinguishable on their facts and not controlling of the present case, are *Stoffle v. Hilker*, 189 Wis. 414, 418, 207 N. W. 685; *Ruka v. Zierer*, 195 Wis. 285, 290–292, 218 N. W. 358; *Wachsmuth v. Wachsmuth*, 210 Wis. 683, 689, 247 N. W. 327; *Thomas v. Tesch*, 268 Wis. 338, 341a, 67 N. W. (2d) 367, 68 N. W. (2d) 457.

2. *Damages.* It is contended that the award of $750 for pain and suffering is so inadequate as to show passion and prejudice on the part of the jury, and to vitiate the verdict on the negligence questions.

Yvonne collided with the side of the car, and it knocked her down. She suffered a broken collarbone and a severe and extensive bruise on her temple. She was hospitalized for eleven days, and for twenty-seven days thereafter was immobilized by a dressing to keep the collarbone stationary. The collarbone was painful and pain persisted for the usual time. The bruise on the temple was tender, and it was still tender to light touch two months after the accident. After she came home from the hospital she could not play like a normal child and she complained of her head hurting. She suffered from intermittent headaches diminishing in frequency for about three years, but her mother said she had them about every four months. At the time of trial she had made a normal recovery.

While $750 appears to be a modest figure for these injuries, we are unable to say that it is so clearly and greatly inadequate that it shows perversity, passion, or prejudice on the part of the jury. Therefore this feature of the verdict does not require that the jury's answers with respect to negligence be set aside.

*By the Court.*—Judgment affirmed.