## SCOTT v. SOUTHEAST TITLE & INS. CO.

No. 101117.

Small Claims Court, Dade County.

December 14, 1962.

A. Jay Cristol, Miami, for plaintiff.

SIDNEY L. SEGALL, Judge.

Judgment is rendered in favor of the defendant. Under the law and the evidence plaintiff is not entitled to recover.

The evidence shows that plaintiff sustained damage to the windshield of his automobile as the result of the impact of a bottle thrown by his 2 year old son. Plaintiff contends the insurance policy issued by defendant covers the risk and damage involved.

It is stipulated that plaintiff's automobile is covered under part III - *Physical Damage* — "Coverage H — Combined Additional Coverage," which insures against loss caused by "malicious mischief or vandalism."

The issue is governed by the test whether a child of tender years has the capacity to commit a tort wherein malice is an element or essential ingredient.

Research reveals no cases dealing directly with such a provision of an insurance policy where the alleged wrong was committed by a child of tender years.

Under the general rule, which is analogous in principle, "a child of very tender years is regarded as incapable of committing such a tort, because not capable of forming the necessary intent." See 67 A.L.R.2d 570, and cases treated in the annotation.

Munden v. Harris, 153 Mo. App. 652, 134 S.W. 1076, dealt with the liability of an infant 5 years old in an action for libel. There the court said that since malice and evil intent are essential ingredients of libel and slander, the age of the infant might be of the highest importance in determining his liability; since, if he was of such immature years that he could not form malice or entertain conscious evil intent, he could not be guilty of either tort.

In Shaske v. Hron, 266 Wis. 384, 63 N.W.2d 706, also cited in the aforesaid annotation, the court deals with the liability of children for negligence. There, a boy 4 years and 8 months old was held, as a matter of law, to be incapable of negligence either primary or contributory. The court held that a motion for summary judgment should have been granted where the only show-

ing was that the defendant had thrown a rock which struck a bottle and knocked a chip of glass into the eye of a playmate.

It is the court's conclusion that the test applied in the cases cited, supra, is applicable here and recovery must be denied.