MARCHANT, Respondent, vs. FRANZ and another, Appellants.

*May 8—June 15, 1951.*

For the appellants there was a brief by *Everson, Ryan, Whitney & O'Melia* of Green Bay, and oral argument by E. L. Everson.

For the respondent there was a brief by *Boex & Frederickson*, attorneys, and *Evrard, Evrard, Duffy, Holman & Faulds* of counsel, all of Green Bay, and oral argument by *James R. Faulds* and *Bert E. Frederickson*.

FRITZ, C. J.   Without any material conflict in the evidence it appears that the collision between the plaintiff Marchant's automobile and the defendant Franz's truck occurred on State Highway 57, some thirty to forty feet north of an intersection with a county road which runs in an easterly and westerly direction.  Franz, driving his truck northward on Highway 57 at approximately thirty to thirty-five miles per hour, was followed at that speed by Marchant's automobile for one or two miles, as· they approached and crossed the intersection, with their vehicles from three to five car lengths, or approximately fifty to seventy feet apart. At that place Highway 57 is approximately seventy-five feet wide, with a twenty-feet-wide concrete roadway, .and is flanked on the east side by a row of guard posts running north from the northerly edge of the county road, which is approximately seven feet from the easterly edge of the

concrete roadway. Just after Franz's truck passed over the county road, it stopped or was in the act of stopping wholly on the concrete roadway and the left side of plaintiff's automobile collided with the right rear corner of the truck box. Plaintiff testified he was twenty-five or thirty feet in the intersection when he saw the truck's stop light go on and that at that moment plaintiff was sixty to seventy-five feet behind the truck,—which would place the truck as much as one hundred five feet north of the intersection at the moment it began to stop. Plaintiff testified he was sure that the truck came to a complete stop on the concrete roadway at some point north of the north limits of the intersection, and was standing still when his car struck the truck from behind; and that he applied his brakes as promptly as he could after he saw the truck slow down in front of him, but that he was unable to bring his car to a stop or to so control it as to avoid a collision with the truck; and that he started to swing his automobile left, but, seeing oncoming traffic, he turned to the right so as to avoid a collision with the truck or with the guardrail; and his car went partially off the concrete and struck a guard post on the right shoulder of Highway 57; and the left rear door of his automobile came in contact with the right rear end of Franz's truck box. Plaintiff testified that after striking the truck and the guard post, his automobile came to rest about fifteen to twenty feet further north of the post which he had struck, and the truck came to rest approximately one hundred to one hundred twenty-five feet north of the point of collision. He did not know whether his automobile collided with the truck box before or after it struck the guard post. His left elbow was protruding from the driver's window, and his arm came in contact with the truck box, causing his injuries.

Franz and two passengers who were on his truck testified that after they had gotten past the intersection about forty feet to the north, the truck was struck from behind by plain-

tiff's automobile while they were still in motion, traveling north at a speed of approximately twenty-five miles an hour.

The jury found: (A) That Franz was causally negligent (1) in respect to stopping his truck, and (2) the lookout kept by him; (B) that plaintiff was not negligent in respect to the distance at which he was following behind the truck; (C) but that plaintiff was causally negligent (1) in failing to sound his horn, (2) in respect to his lookout, and (3) his control and management of his car; and (D) that of the causal negligence, (1) forty per cent was attributable to Franz, and (2) sixty per cent was attributable to plaintiff. On motions after verdict the court ordered a new trial on the ground that "the findings of the jury that plaintiff was negligent with respect to lookout and was also negligent with respect to failing to sound his horn and with respect to management and control, duplicate findings of negligence upon plaintiff's part, and render the comparison of negligence found by the jury inaccurate and the verdict contrary to law."

That order must be affirmed. As stated by the learned circuit judge:

"Negligent omission with respect to sounding the horn and negligence with respect to management and control would be proper findings if there was no finding of negligent lookout. . . . Here the jury must have reasoned that time and opportunity for plaintiff to sound his horn and stop his car existed if he was vigilant with respect to lookout, but, in finding him negligent in such respects and also with respect to lookout, there was duplication of findings such as to render the comparison of negligence inaccurate.

"The supreme court has several times in recent years dealt with the matter of duplication of negligence occurring when negligence with respect to lookout and management and control are both found. See *Reynolds v. Madison Bus Co.* 250 Wis. 294, 305; *Hagen v. Thompson,* 251 Wis. 484, 487; . . . *Nelson v. Chicago, M., St. P. & P. R. Co.* 252 Wis. 585, 594; and *Crawley v. Hill,* 253 Wis. 294."

As stated in *Crawley v. Hill*, 253 Wis. 294, 297, 34 N. W. (2d) 123:

"In considering the evidence relevant to the questions as to speed and management and control submitted to the jury there clearly appears to be a duplication of findings with relation to defendant rendering the comparison of negligence inaccurate. This is not a case where after a failure of lookout ceased the defendant in the management of his car was guilty of negligent management and control. If he was at the time negligent as to lookout and therefore did not see Crawley running into the lane of traffic until in the exercise of ordinary care he could do nothing to avoid the accident, the sole negligence is in respect to lookout and not as to management and control. *Reynolds v. Madison Bus Co.* 250 Wis. 294, 26 N. W. (2d) 653. The most favorable interpretation of the evidence that can be given Crawley is that Hill failed to maintain a lookout and for that reason did not reduce his speed or so manage his car as to avoid the collision. With respect to the defendant's failure to meet required standards of care the jury answered that he was negligent as to speed, lookout, and management and control. The last finding alone we hold under the circumstances is such a duplication in the findings as to render the comparison inaccurate."

*By the Court.*—Order affirmed.

GEHL, J. (*dissenting*). The majority says that there were duplicate findings of causal negligence on the part of the plaintiff. If I understand the contention of respondent and the conclusion of the trial court, here affirmed, it is based upon this theory: The plaintiff placed himself in a position of danger as a result of his failure to maintain a sufficient lookout; by a later observation he restored himself to a position of relative safety for a moment or two; then followed conduct permitting a finding that he was guilty as to control and with respect to sounding his horn; because of the momentary lapse of time between his failure to maintain proper lookout, and his other failures the jury should not have been permitted to find failure as to the former.

Automobile collisions do not happen piecemeal. They are the result in most cases of several concurrent failures on the part of the respective drivers, and their cause is generally determined from an observation and consideration of the entire picture.

I cannot agree that it is desirable or practicable to direct a jury to eliminate from its mind the impression gained from an observation of all the circumstances contributing to an accident and requiring them to determine to a mathematical certainty that at one point in a series of events one failure dropped out of the picture and that then all or some of the others caused the result.

In this case the jury might well have found that plaintiff's failure to maintain a sufficient lookout placed him in a position where proper control became more difficult—if not impossible. The verdict is evidence that they did so find. It seems to me that to determine that there has been a duplication of findings, a much clearer case should appear than is presented here.

The facts in this case are clearly distinguishable from those considered in *Crawley v. Hill*, 253 Wis. 294, 34 N. W. (2d) 123, cited by the majority. In that case the court says, in effect, as the facts and circumstances required it to, that there was only one possible failure on the part of the defendant—a failure to observe that plaintiff was running into the lane of traffic; that by his failure in respect to lookout he placed himself in a position where nothing else which he might have done would have prevented the accident. No more can be read out of the *Crawley Case* than a declaration that where an injury results from but one act or omission, from a single phase of negligence, it is error to permit the jury to consider other alleged violations.

The distinction between the two cases appears from the following statement in the *Crawley Case* (p. 298) :

"This is not a case where after a failure of lookout ceased

the defendant in the management of his car was guilty of negligent management and control."

The jury might have considered that this was just that sort of case; that the first failure, lookout, although it had momentarily ceased, was followed by failure in other respects, and that there was such co-operation between all the failures as to make all of them causes of the collision.

The trial court should have permitted the verdict to stand.

I am authorized to state that Mr. Justice HUGHES concurs in this dissent.