FONDOW, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & TRANSPORT COMPANY, Respondent.

*January 7—February 3, 1953.*

The cause was submitted for the appellant on the brief of *Sydney M. Eisenberg* of Milwaukee, and for the respondent on the brief of *Shaw, Muskat & Paulsen,* attorneys, and *John G. Quale* and *John F. Zimmermann* of counsel, all of Milwaukee.

BROWN, J. Plaintiff's first contention is that the court erred "in failing to permit the jury to determine whether the plaintiff was a passenger or a trespasser." If plaintiff deemed the question material a request for a question on that subject should have been made. There was no such request and no objection was made to the special verdict without it. We have repeatedly stated that it is counsel's responsibility to request the trial court to incorporate in the special verdict the questions which they want answered and at such times we have directed attention to sec. 270.28, Stats., providing:

"When some controverted matter of fact not brought to the attention of the trial court but essential to sustain the judgment is omitted from the verdict, such matter of fact shall be deemed determined by the court in conformity with its judgment and the failure to request a finding by the jury on such matter shall be deemed a waiver of jury trial *pro tanto." Smith v. Benjamin* (1952), 261 Wis. 548, 554, 53 N. W. (2d) 619; *Hilker v. Western Automobile Ins. Co.* (1931), 204 Wis. 1, 231 N. W. 257, 235 N. W. 413; *Nimits v. Motor Transport Co.* (1948), 253 Wis. 362, 364, 34 N. W. (2d) 116, approved in *Stellmacher v. Wisco Hardware Co.* (1951), 259 Wis. 310, 48 N. W. (2d) 492.

If omission from the special verdict of the question which plaintiff would now like to have answered was error, it was not the error of the court, nor does it constitute grounds for reversal. The statute supplies the answer in conformity to the judgment.

Plaintiff submits, too, that question 1 asks the jury to find only whether the motorman had actual knowledge of plaintiff's presence whereas he might be negligent if he should

have known. What we have said in the preceding paragraphs is equally applicable to this contention. If counsel was not satisfied with the question as it stood, it was his right to request one more satisfactory to him. He may not stand by, await the outcome, and if it is unfavorable then, for the first time, raise the objection. *Nimits v. Motor Transport Co., supra.*

Plaintiff submits that she cannot be found guilty of negligence as a matter of law for attempting to come aboard the car through the rear exit. As we read the special verdict and the judgment, it appears to us that judgment was entered in favor of the defendant not because of plaintiff's negligence (which the jury found not to be a cause of her injury) but because no negligence was found against defendant's motorman.

Entirely apart from any supposed insufficiency in the form of the special verdict, the record shows that the plaintiff was familiar with the cars on this line, she attempted to board this one through the door at the other end of the car from the one which she was directed to use, despite prominent signs warning her not to do so, and the defendant's employee did not know of her presence or her attempt when he started the car. In the absence of proof that the motorman knew that Mrs. Fondow was coming aboard through the rear door and acquiesced in her purpose, Mrs. Fondow did not gain the status of a passenger, nor impose on the defendant that high degree of care for her protection which a common carrier owes to its passengers, by attempting to board the streetcar through a passage not only unauthorized but even forbidden for that purpose. The jury made an express finding that the motorman did not know of Mrs. Fondow's attempt when he started his car. With that finding there fails her contention that the defendant owed her the protection due a passenger.

We cannot agree with counsel in his charge that the verdict is perverse, contrary to law, and contrary to the evidence, nor can we consider this a case for discretionary reversal and new trial in the interests of justice, authorized by sec. 251.09, Stats.

*By the Court.*—Judgment affirmed.