BRIGGS TRANSFER COMPANY and another, Respondents, vs. FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY and another, Appellants.*

SCHALLER, Appellant, vs. BRIGGS TRANSFER COMPANY, Respondent.* .

*November 5—December 1, 1953.*

* Motion for rehearing denied, with $25 costs, on February 2, 1954.

For the appellants there was a brief by *Hale, Skemp, Nietsch, Hanson & Schnurrer,* and oral argument by *R. E. Nietsch* and *L. E. Sheehan,* all of La Crosse.

For the respondents there was a brief by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns.*

Brown, J.  The appellants submit that there is duplication, which requires a new trial, in the jury's findings of causal negligence in respect to Medema's lookout and his management and control.  Medema testified that he did not see Fluekiger's truck at any time before the collision and this was not controverted by any other evidence.  We have often held that where a driver did not see what was plainly in sight his negligence is one of lookout only and his management and control do not enter the case.  *Marchant v. Franz* (1951), 259 Wis. 289, 48 N. W. (2d) 620; *Reynolds v. Madison Bus Co.* (1947), 250 Wis. 294, 26 N. W. (2d) 653.  If the appellants had made timely objection to the special verdict which questioned the jury both as to Medema's lookout and his management and control, we would have to hold that reversible error had been committed, as we did in *Marchant v. Franz, supra.*  However, the special verdict was submitted to counsel before being given to the jury, and no objections were made to the inclusion of questions on both subjects.  Under such circumstances appellants cannot take advantage of the error, but must be held to have waived it.  *Johnson v. Sipe* (1953), 263 Wis. 191, 56 N. W. (2d) 852; *Fondow v. Milwaukee E. R. & T. Co.* (1953), 263 Wis. 180, 56 N. W. (2d) 841; *Nimits v. Motor Transport Co.* (1948), 253 Wis. 362, 34 N. W. (2d) 116.  Parties cannot participate in the submission of an improper verdict and then set it aside if the answers are unfavorable.

Appellants complain that there is no evidence that the left turn was not made in the proper manner and also that such left turn, if negligent, was a proximate cause.  The evidence warrants the jury's findings that the manner of the turn was improper in the abrupt crossing of the highway from the right shoulder to the left side of the road and that this contributed to the accident.

On *voir dire*, respondents asked the jury if they would be prejudiced against a teen-age driver. One juror said that he would not be if the driver had a driver's license. During the trial respondents asked appellants' driver if he was licensed at the time of the collision and the driver said that he was not. Appellants submit that they were surprised and should have a new trial.

Appellants' counsel before trial could easily have found out whether their driver was licensed or not and could either have challenged or struck the prospective juror or have been prepared to object to the question asked of Medema if they considered it prejudicial. Instead, assuming that Medema was licensed, they allowed the juror to serve and made no objection to the question, nor did they move for a mistrial when they were unpleasantly surprised by his answer, evidently preferring to take a chance with the jurors they had. Having waited to see what the jury would say, the protest in the motions after verdict comes too late.

Appellants then introduced evidence that the license had been applied for before the accident and was issued after it, which may have satisfied the juror and removed his prejudice, as it was designed to do; and they procured an instruction to the jury by the court that the existence of the driver's license was immaterial in this action. Even if these curative measures were not present, under the circumstances of this case we could not agree with them that Medema's reply, which they did not expect but which respondents did, entitles them to a new trial. We credit respondents' brief with a pungent comment on this assignment of error:

"Appellant seeks to obtain a new trial because his counsel was unaware of the fact that appellant's driver did not possess a driver's license at the time of the accident. This fact was well known to respondent's counsel and was obtained in the usual course of investigation through sources equally open to appellant's counsel. Certainly an appellant

cannot complain because his counsel knows less about his case than does respondent's counsel. If a new trial is to be granted on such a basis it will afford a fertile avenue for defense attorneys who need only plead ignorance or stupidity to get another kick at the cat."

We find no reason here to disturb the judgments.

Appellants complain, further, that two questions which they asked in examining witnesses were objected to by respondents who did not specify the ground of the objections, but nevertheless the objections were sustained by the trial court. They say that to avoid error the objection must be specific, citing Wisconsin authorities. It is better practice for the trial court to require counsel to state the grounds of an objection but appellants' authorities do not go to the precise point. They hold that when a general objection is made and overruled, the objector who did not make his objection specific is in no position to complain of the admission of the evidence. They do not hold that if the general objection is sustained, as it was here, the person offering the evidence may claim reversible error. If the appellants were not satisfied with the ruling it was their right to ask to have the objection made specific and the ruling reconsidered in that light. In the present instances the appellants accepted the rulings on the general objection. There *were* grounds on which the rulings may be sustained and it is not shown that the court ruled as it did for untenable reasons.

There does not appear to be a miscarriage of justice. This is a fact case and the jury's answers, including its apportionment of negligence, have support in the evidence and cannot be disturbed. We find no cause to order a new trial in the interests of justice under our discretionary powers as defined by sec. 251.09, Stats.

*By the Court.*—Judgments affirmed.