Brown, J.
Appellant’s first challenge to the judgment is that the evidence does not sustain the answers of the verdict. It is axiomatic that the court must sustain them if there is any credible evidence to support them. Hoffman v. Buggs (1959), 6 Wis. (2d) 488, 489, 95 N. W. (2d) 237. Plaintiff Strong and defendant’s assured, Phillips, differed in their versions of the accident but it is the function of the jury to choose between their accounts of the collision. Phillips’ version is that he was driving north on Oshkosh street, on the right (east) half of the highway at a speed of 15 to 17 miles per hour when he saw Strong on Baake street riding his bicycle about to enter Oshkosh street. Phillips then testified that Strong came into the intersection without stopping at the stop sign and turned to go north on Oshkosh street. Soon after making this turn to the north, Strong appeared to lose control of his vehicle in loose gravel in the street and reversed his course and turned south. This turn brought him onto the east half of the highway. Strong was then riding on the pedals of the bicycle with his head down. Phillips then brought his truck to a stop in the east half of the road but Strong kept coming right at him and rammed head on into the truck. Strong went over the truck’s left front fender and landed on the road near the truck’s rear wheels.
*217 Strong’s version is that he turned south directly upon entering Oshkosh street and at all times stayed on the west half of the highway, but the truck was on that side also and was moving at a speed in excess of the speed limit. Strong admitted that he did not stop at the arterial, and he did not see the truck until he was only 100 to 120 feet from it.
From the foregoing testimony the jury could believe that a portion of the truck was west of the center of the road and the bicycle was east of it. Phillips’ testimony by itself is sufficient to sustain each element of negligence of which the jury found Strong guilty. Therefore it is unnecessary for this court to search out and point out corroborating evidence although corroboration is not absent from the record.
The appellant asserts that Phillips’ testimony is made incredible by physical facts, by photographs, and by measurements taken by police officers soon after the accident. The parties differ in their interpretation of such facts. These were matters for argument to the jury. We cannot consider plaintiff’s contentions were proved as matters of law. The resolution of these disputed facts must be left to the jury.
Appellant says that the verdict is inconsistent because the jury found each vehicle was on the wrong side of the road. There is no inconsistency in finding that a part of the truck extended onto its wrong side of the highway and at the same time the bicycle was also on its wrong side. There is testimony that each vehicle had come onto the wrong side and the jury could conclude that both did so.
Appellant also contends that there was duplicity in the verdict, such as by including in it the inconsistent negligences of lookout and management and control. If there was duplication, the objection to it was waived, as in Briggs Transfer Co. v. Farmers Mut. Automobile Ins. Co. (1953), 265 Wis. 369, 61 N. W. (2d) 305. There, at page 372, we said:
*218 “If the appellants had made timely objection to the special verdict which questioned the jury both as to Medema’s lookout and his management and control, we would have to hold that reversible error had been committed, as we did in Marchant v. Franz, supra. However, the special verdict was submitted to counsel before being given to the jury, and no objections were made to the inclusion of questions on both subjects. Under such circumstances appellants cannot take advantage of the error, but must be held to have waived it. Johnson v. Sipe (1953), 263 Wis. 191, 56 N. W. (2d) 852; Fondow v. Milwaukee E. R. & T. Co. (1953), 263 Wis. 180, 56 N. W. (2d) 841; Nimits v. Motor Transport Co. (1948), 253 Wis. 362, 34 N. W. (2d) 116. Parties cannot participate in the submission of an improper verdict and then set it aside if the answers are unfavorable.”
The same situation is presented here. If the form of verdict was objectionable, plaintiff did not preserve his objections to it. In the same way plaintiff failed to preserve any objection to the inclusion in the verdict of the cause question relating to plaintiff’s failure to stop before entering the arterial.
In his motions after verdict appellant asks for a new trial in the interest of justice. Upon competent credible evidence the jury found plaintiff guilty of practically everything a cyclist could be guilty of — failing to stop at an arterial, riding his bicycle on the wrong side of the road, failing to yield the right of way, failure seasonably to see another user of the highway who was in plain sight, and in the management and control of his bicycle. We have considered plaintiff has waived his objections to the form of the verdict but even if we gave all possible weight to them we could not conclude the causal negligence of Phillips to be as great as that of Strong. The facts were thoroughly presented to the trial court and to the jury and no interest of justice will be served by a new trial.
Since the order and the judgment must be affirmed, there is no need to consider defendant’s motion to review the damages found by the jury which defendant considers excessive.
*219 Respondent has asked us to allow the costs of printing the portion of its brief which exceeds 50 pages. We consider the brief a very good one but we think a brief of 50 pages would have been adequate here. Its request is denied.
By the Court. — Order and judgment affirmed.