RADKE, Special Administratrix, Respondent, v. YAEGER, Appellant.

*February 5—March 6, 1962.*

26

For the appellant there was a brief by *E. D. Helke* of Nekoosa, and *W. L. Jackman* of Madison, and oral argument by *Arnold J. Wightman* of Madison.

For the respondent there was a brief by *Schmidt & Thibodeau* of Wisconsin Rapids, and oral argument by *Leon S. Schmidt.*

GORDON, J.    The plaintiff alleges that Mr. Radke had loaned $26,000 to the Gigsteads in 1950 and that such sum had not been repaid either to Radke or to his estate. It is further averred that the Gigsteads repaid the loan in 1959 to Mrs. Yaeger, who allegedly was not entitled to receive such payment. On the other hand, Mrs. Yaeger contends that she furnished $5,000 of the loan which was made to the Gigsteads and, in addition, had expended over $42,000 of her own funds for the benefit of Mr. Radke, which sum, she claims, should be allowed as a setoff against the plaintiff's claim.

Implicit in the jury's finding that Mrs. Yaeger was indebted to the plaintiff in the sum of $21,000 plus interest is the finding that Mrs. Yaeger received the entire $26,000

repayment of the loan but was entitled to only $5,000 thereof. The jury's finding also reflects its conclusions that the defendant was not entitled to set off against the plaintiff's claim any part of the $42,000 which was applied for Radke's benefit from the agency's account between 1949 and 1953.

There are two principal arguments advanced by Mrs. Yaeger which require discussion:

(1) Mrs. Yaeger contends that the jury was inconsistent in allowing her a credit for $5,000 which stemmed from the insurance-agency account in connection with the Gigstead mortgage yet impliedly holding that she was not the owner of such account.

(2) She also urges that the verdict was not in the form of a special verdict as she had requested but instead was a general verdict.

We are of the opinion that there was nothing inconsistent in the determination that Mrs. Yaeger did not own the insurance-agency account but nevertheless was entitled to a $5,000 credit on the Gigstead mortgage. Mrs. Yaeger undoubtedly had some type of interest in the Radke Agency. There were three separate checks which constituted the mortgage money originally given to the Gigsteads. The testimony fails to enlighten us as to why one of the checks in the sum of $5,000 was drawn on the agency account and signed by Mrs. Yaeger while the other two checks (one for $11,000, another for $10,000) were signed by Radke. The jury was free to evaluate this testimony, and there is credible evidence to support a conclusion that Mrs. Yaeger had lent $5,000 of her own funds to the Gigsteads. The $5,000 could have represented her share of commissions earned; Mrs. Yaeger testified that she had a partnership interest in the agency and that part of the profits were left in the business. The jury may have regarded the $5,000 as her share of the undivided profits. In any event, it does not follow from the allowance of the $5,000 that the jury was obliged

to treat the agency account as having been owned by Mrs. Yaeger.

In fact there are many convincing reasons for concluding that the agency account was not owned by her. In her income-tax returns after the purported assignment she treated herself not as the owner but as an employee of the agency. As late as three years after the "assignment," Mrs. Yaeger's bonus check was signed by Mr. Radke. The fact that after the alleged transfer of ownership some $42,000 was expended from the agency account for Mr. Radke's personal matters strongly suggests that he remained the owner of the account. Finally, Mr. Radke's failure to cash the check for $1,000 received by him from Mrs. Yaeger as consideration for the assignment further demonstrates that the proposed sale was either a mere facade or was never consummated.

The pertinent questions on the special verdict of which Mrs. Yaeger complains read as follows:

"Question 3. Is the defendant, Lucille Konash Yaeger, presently indebted to the plaintiff, Elizabeth Radke, special administratrix of the estate of Walter A. Radke, deceased, as a result of the financial transactions revealed by the evidence produced at the trial?

"Answer: Yes.

"Question 4. If you answer question No. 3 'Yes,' then answer this question: At what sum do you find such indebtedness?

"Answer: $21,000 and simple interest at four percent in amount of $6,178.88, $27,178.88."

The trial judge conceded that these were "pretty close" to being questions of a general verdict. It is noted, however, that the objections which Mrs. Yaeger's counsel made to the form of the special verdict were not clear-cut objections but were equivocal and depended upon what the instructions might contain. The language of proposed questions was suggested only in narrative form by Mrs. Yaeger's counsel.

It is counsel's responsibility to submit with clarity those questions which he wants incorporated in the special verdict. *Fondow v. Milwaukee E. R. & T. Co.* (1953), 263 Wis. 180, 56 N. W. (2d) 841.

In our opinion there was no prejudicial error in the form of this special verdict. The court's instructions adequately covered the subject of setoff as claimed by Mrs. Yaeger, and the jury's verdict must be deemed to represent the jury's conclusions thereon. We consider that this matter was fully tried and that a just result was reached.

*By the Court.*—Judgment affirmed.